

**Bricker Graydon LLP**
100 South Third Street
Columbus, OH  43215
614.227.2300 Office
www.brickergraydon.com

**Justin Ristau**
Partner
614.227.4857 Direct Phone
jristau@brickergraydon.com

July 23, 2024

**VIA CERTIFIED MAIL AND**
**UNITED PARCEL SERVICE**

Hatz One LLC
1044 57th Street
Brooklyn, New York 11219

Hatz Two LLC
1044 57th Street
Brooklyn, New York 11219

Cleveland 2 LLC
1044 57th Street
Brooklyn, New York 11219

Cleveland 3 LLC
1044 57th Street
Brooklyn, New York 11219

Mendel Steiner
1044 57th Street
Brooklyn, New York 11219

**DEFAULT AND ACCELERATION LETTER**

Re:    Holder:                    Fannie Mae
       Multifamily Project:       Shaker Heights
       Loan Number:               ▮▮▮▮▮▮▮▮
       Servicer:                  Greystone Servicing Company LLC

Multifamily Note (the "***Note***") dated October 30, 2020, executed by Hatz One LLC, Hatz Two LLC, Cleveland 2 LLC, and Cleveland 3 LLC (collectively, "***Borrower***"), to the order of Greystone Servicing Company LLC, a limited liability company organized and existing under the laws of Delaware, ("***Original Lender***" or "***Servicer***"), in the face amount of $22,645,000.00, which Note was subsequently endorsed by Original Lender and which is currently held by Fannie Mae in connection with that certain multifamily loan (the "***Mortgage Loan***"), subject to the terms and conditions of that certain Multifamily Loan and Security Agreement (Non-Recourse) dated October 30, 2020 (the "***Loan Agreement***") and secured by, *inter alia*, the liens on certain real property and personal property located at 2635 N. Moreland Boulevard, 2621 N. Moreland Boulevard, 2622 N. Moreland Boulevard, 2630 N. Moreland Boulevard, 2636 N. Moreland Boulevard, 2642 N. Moreland Boulevard, 2653 N. Moreland Boulevard, 2805 Ludlow Road, 2822 N. Moreland Boulevard, 2825 N. Moreland Boulevard, 2843 N. Moreland Boulevard, 2851 Hampton Road, 2870 S. Moreland Boulevard, 2880 S. Moreland Boulevard (each in Cleveland, Ohio 44120), and 14101 S. Woodland Road, Shaker Heights, Ohio 44120 (the "***Properties***"), pursuant to that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, and Security Agreement, and Fixture Filing (OHIO) (the "***Mortgage***") dated October 30, 2020 and recorded in the Recorder's Office for Cuyahoga County, Ohio (the "***Recording Office***") on

EXHIBIT H



November 6, 2020 as Instrument No. 202011060167, which is further secured by that certain Guaranty of Non-Recourse Obligations (the "**Guaranty**"), which was executed by Mendel Steiner ("**Guarantor**") on October 30, 2020, and which Note, Loan Agreement, Mortgage, Guaranty, and other related loan documents were assigned to Fannie Mae pursuant to the certain Assignment of Collateral Agreements and other Loan Documents dated October 30, 2020 ("**Assignment**"), and which is now identified as Fannie Mae Loan No.: ▉▉▉▉▉

To Whom It May Concern:

This firm represents Fannie Mae as holder with respect to the Note, the Loan Agreement, the Mortgage, the Guaranty, and all other loan documents executed in connection with the Mortgage Loan (collectively, the "**Loan Documents**").  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Loan Documents.

### I. Automatic Events of Default.

As of the date of this letter, Borrower has failed to pay the amounts due under the Loan Documents from June 1, 2024. Specifically (but not limited to) on June 1, 2024 and July 1, 2024, the Borrower failed to make any payments due under the Loan Documents. The failure to pay the full amount due under the Loan Documents constitutes an Event of Default under Section 14.01(a)(1) of the Loan Agreement.

Further, during an inspection of the Properties that occurred on June 11, 2024, Borrower and its property management team refused to provide complete and accurate information regarding the Properties.  Among other issues, Borrower (i) instructed the property management team to not answer questions about the Properties, and (ii) provided a partial and incomplete Rent Roll which intentionally omitted material information from the report.  In addition, the Borrower has failed to provide any of the financial records which were required to be furnished under Section 8.02 of the Loan Agreement for years 2023 and 2024.  The failure to provide complete and accurate information upon request is a violation of Borrower's covenants under Section 8.02 of the Loan Agreement.  Moreover, the material omission of information provided by Borrower connection with any financial statement, rent roll, or other information provided to Lender during the term of the Mortgage Loan is an additional automatic Event of Default under Section 14.01(a)(5)(B) of the Loan Agreement.

### II. Additional Covenant Breaches.

In addition to these automatic Events of Default, Borrower has retained a new property management company who has not been approved by Lender.  Borrower's failure to obtain Lender's approval of the new property manager or any new property management agreement is a breach of the covenants under Section 6.02(b)(5) and 6.03(a) of the Loan Agreement.  Borrower has also failed to complete the Required Repairs pursuant to the Required Repair Schedule (as those capitalized terms are defined in the Loan Agreement).  Borrower's failure to complete the Required Repairs is a breach of the covenants under Section 6.02(b)(3) and 6.02(b)(4) of the Loan Agreement.

July 23, 2024
Page 3



### III. Acceleration and Demand.

Based upon the above-referenced automatic Events of Default and pursuant to Section 14.02(a) of the Loan Agreement, all amounts due and owing under the Mortgage Loan have been accelerated and are fully due and payable to Fannie Mae.

This letter constitutes a formal notice that the outstanding principal indebtedness evidenced by the Note has been accelerated as a result of the occurrence and continuation of such Events of Default. Demand is hereby made for immediate payment in full of the entire unpaid principal balance of the Note, plus any accrued interest, default interest, the Prepayment Premium, Fannie Mae's expenses, costs and fees, including attorney's fees, and any other sums paid by Fannie Mae to protect its rights or the Properties, as provided by the Loan Documents. In order to determine the exact payoff figures currently owing to Fannie Mae pursuant to the Loan Documents, please contact the Servicer and/or Fannie Mae through undersigned counsel.

In addition, demand is hereby made that Borrower immediately deliver to my attention a complete and current Rent Roll, a copy of the current property management agreement, complete contact information for the current property manager, and all financial statements, certifications, confirmations, and schedules required to be delivered by Borrower for years 2023 and 2024 under Section 8.02 of the Loan Agreement, including without limitation the balance sheet referenced in Section 8.02(b)(2)(C) and all documents and information referenced in Section 8.02(b)(4).

This letter also constitutes a formal notice that Borrower has failed to perform its obligations under Section 6.02 and 6.03 of the Loan Agreement, as more fully set forth above. Demand is hereby made to Borrower to cure each of the breaches identified herein. Pursuant to Section 14.02(a) of the Loan Agreement, additional Events of Default will occur if such failures continue for a period of thirty days after this notice.

You are further notified that, by reason of such default and acceleration of said indebtedness, Borrower shall immediately lose all of its rights to receive disbursements from any collateral, reserve, or escrow account pursuant to Section 14.02(b) of the Loan Agreement. Fannie Mae may also immediately institute foreclosure proceedings under the Mortgage and may otherwise exercise any and all other rights and remedies enumerated in the Loan Documents or otherwise available at law or in equity (including, without limitation, the appointment of a receiver over the Properties and/or applications of escrow deposits, reserves and/or other funds held by Servicer toward payment of Borrower's obligations under the Loan Documents in the manner set forth therein).

### IV. Notice of Potential Recourse Liability of Borrower and Guarantor.

Relevant to the above-referenced Events of Default and covenant breaches, you are further notified that Borrower and Guarantor are personally liable under the Section 3.02 of the Loan Agreement and the Guaranty for the following amounts:

July 23, 2024
Page 4



- The amount of any loss or damaged suffered as a result of the failure to comply with any provision of the Loan Agreement or other Loan Document relating to the delivery of books and records, statements, schedules, and reports.  *See* Loan Agreement, Section 3.02(a)(4).

- The amount of any loss or damaged suffered as a result of waste or abandonment of the Properties.  *See* Loan Agreement, Section 3.02(a)(6).

- The amount of any loss or damaged suffered as a result of grossly negligent or reckless unintentional material misrepresentation or omission by Borrower or certain others in connection with ongoing financial or other reporting required by the Loan Documents.  *See* Loan Agreement, Section 3.02(a)(7).

- The full amount of the Indebtedness upon the occurrence of any fraud, written intentional material misrepresentation, or intentional material omission by Borrower or certain others in connection with ongoing financial or other reporting required by the Loan Documents.  *See* Loan Agreement, Section 3.02(b)(5).

To the extent the defaults identified herein are not immediately cured, Fannie Mae will be evaluating and pursuing all available limited and full recourse recovery permitted under the Loan Agreement and the Guaranty.

**V.	Reservation of Rights.**

Please be advised that the demands made hereby are being given pursuant to the terms and provisions of the Loan Documents.  By making these demands, Fannie Mae does not waive any of the rights or remedies available to Fannie Mae and no delay in exercising any such rights or remedies shall operate as a waiver of any rights that Fannie Mae may have pursuant to the terms of the Loan Documents or otherwise.  Further, any reference by Fannie Mae or Servicer to any event of default or default shall in no way constitute, or be construed to be, a waiver or any other event of default or default which may now exist or hereafter arise under the Loan Documents.

UNDER THE MORTGAGE EXECUTED BY BORROWER IN FAVOR OF LENDER, BORROWER'S LICENSE TO COLLECT RENTS HAS TERMINATED, AND FANNIE MAE IS NOW ENTITLED TO ALL RENTS AS THEY BECOME DUE AND PAYABLE, INCLUDING RENTS CURRENTLY DUE AND UNPAID.  UNTIL FURTHER NOTICE, ANY RENTS BORROWER RECEIVED AFTER THE OCCURRENCE OF THE EVENT OF DEFAULT SHALL BE RECEIVED AND HELD BY BORROWER IN TRUST FOR THE BENEFIT OF FANNIE MAE.  UNTIL FURTHER NOTICE, ALL SUCH RENTS SHALL BE APPLIED ONLY TO BONA FIDE CURRENT OPERATING EXPENSES TO THIRD PARTIES IN CONNECTION WITH THE OPERATION OF THE PROPERTIES WITH EXCESS RENTS PAID TO FANNIE MAE, TO BE APPLIED IN ACCORDANCE WITH THE LOAN DOCUMENTS.

July 23, 2024
Page 5



 Also, please be advised that the Borrower is liable to Fannie Mae for, among other things, any loss or damage suffered by Fannie Mae as a result of, *inter alia*, the failure to handle rents according to the terms of the Loan Documents and this notice following the Borrower's defaults. Likewise, the Guarantor is liable to Fannie Mae consistent with the provisions in the Guaranty and the Loan Documents.

 Please be advised that any discussions that may have occurred or may occur in the future between representatives of Borrower and Fannie Mae regarding the Properties or the subject loans constitute nothing more than the continuing good faith attempts of Fannie Mae to work out the existing problems in a manner reasonably acceptable to all parties. Borrower may not rely upon any such discussions in any manner or fashion. Unless and until a binding, written agreement has been fully executed by and between all parties, Fannie Mae's rights and remedies are and will continue to be fully enforceable under the terms of the Loan Documents.

 For your information, this letter is also being sent to Mr. Mendel Steiner in order to provide him notice in his capacity as Key Principal and Guarantor. In the event that Fannie Mae's demands identified above are not satisfied, Fannie Mae, at its sole option and in addition to any other remedies available to Fannie Mae, may seek to recover from the Guarantor and Key Principal with respect to any obligations owed by the Guarantor or the Key Principal under the Loan Documents.

 Notwithstanding any previous action or inaction by or on behalf of Fannie Mae or Servicer to the contrary, if any, you are hereby notified that Fannie Mae will hereafter require strict compliance with the terms and conditions of the Loan Documents, and Fannie Mae does not in any manner waive any rights or remedies available against the Borrower, Guarantor, or Key Principal pursuant to the Note or other Loan Documents or applicable law, including without limitation the rights described in this letter.

 In the event that Borrower wishes to discuss these matters, Borrower may contact Servicer and/or Fannie Mae through undersigned counsel.

 Your immediate attention to this matter is recommended.

          Respectfully,

          */s/ Justin W. Ristau*

          Justin W. Ristau