**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FANNIE MAE | : | CASE NO. 1:24-cv-1606 |
| | : | |
| | : | Judge Bridget Meehan Brennan |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HATZ ONE LLC, et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS HATZ ONE LLC, HATZ TWO LLC, CLEVELAND 2 LLC, CLEVELAND 3 LLC, AND MENDEL STEINER'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

**I.  INTRODUCTION**

Defendants Hatz One LLC, Hatz Two LLC, Cleveland 2 LLC, Cleveland 3 LLC (collectively, "Borrowers"), and Mendel Steiner ("Guarantor") (all collectively "Hatz") reiterate that the extreme equitable remedy of the appointment of a receiver is unwarranted especially given Hatz's ongoing efforts to address Fannie Mae's concerns. While Fannie Mae has raised an evolving set of concerns since its initial request for appointment of a receiver made on an *ex parte* emergency basis more than three months ago, it has not presented a single scrap of evidence that a Receiver would have or could have addressed its concerns either faster or more efficiently than Hatz has. What is undeniable is that: 1) a Receiver and Receiver's counsel would add an additional layer of significant cost; and 2) any Receiver taking over management would have a period of initial delay to assess the Properties[1], tenants, etc. before stepping into Hatz's shoes to do what is

---

[1] *See* Declaration of Lieb Steiner f/k/a Leo Gold in Support of Opposition to Plaintiff's Emergency *Ex Parte* Motion for Immediate Appointment of Receiver for full list of the properties at ECF No. 13-2. The properties are hereafter referred to as the "Properties".

already in process. Further, Fannie Mae's stated concerns about safety conditions at the Properties is somewhat undermined by their admission that it chose to "sweep" both the Replacement Reserve Account and the Reserve Escrow Account, at acceleration, rather than keep the funds available to remediate the conditions at the Properties[2]. (*See* 12/6/24 Ristau Email attached as Exhibit A.)

Over the past several months, Hatz has worked cooperatively with Fannie Mae to investigate its concerns, and Hatz continues to make daily repairs and improvements to the Properties. The appointment of a receiver would serve to drive up costs, consuming funds which could be used to improve Plaintiff's collateral, all while Hatz continues to be responsive to Fannie Mae's complaints and continues to make repairs and improvements and to bring units on line and increase occupancy. The Property Condition Assessment of Armada Analytics ("PCA") presented and relied upon by Fannie Mae is dated November 5, 2024.[3] As demonstrated by the Supplemental Declaration of Lieb Steiner f/k/a Leo Gold in Support of Reply to Fannie Mae's Supplemental Brief in Support of Motion to Appoint Receiver (the "Gold Dec."), attached as Exhibit B, in the weeks since the inspection many of the issues raised by the PCA have been remediated or progress is ongoing. Exhibit B details these repairs and the ongoing work to the Properties, including a commendation from the City of Shaker Heights on Hatz's progress. Because there are two sides to every story, Hatz looks forward to the opportunity to present further evidence, in what is clearly a dynamic situation, at an evidentiary hearing before this Court.

---

[2] Those accounts are of course funded on a monthly basis by Hatz's loan payments.

[3] This date is notable as the underlying inspection did not commence until November 6, 2024. Hatz has no explanation for this anomaly.

## II. HATZ CONTINUES TO MAKE DAILY REPAIRS AND IMPROVEMENTS

Hatz's conduct over the past several months since the filing of this matter demonstrates that it is more than willing to invest in Fannie Mae's collateral and to respond to its concerns. Consequently, the appointment of a receiver is unwarranted and would do more harm than good[4]. The evidence belies Fannie Mae's assertions that the Properties have declined further since the start of this litigation. Ever since the filing of Hatz's Opposition to Fannie Mae's motion for appointment of a receiver, Hatz has continued its repairs and improvements in earnest. Fannie Mae's initial complaints which purportedly triggered the filing of this proceeding and request for *ex parte* relief have been addressed if not completely resolved. By the time Hatz filed its Opposition to the Motion for Receiver, it had already:

- serviced all fire extinguishers;
- paid the gas service in full and continued to ensure service was uninterrupted;
- cleaned up any trash;
- contracted to repair any non-functioning elevators;
- paid its inadvertently missed monthly loan payment for April 2024;
- repaired all broken or open windows; and
- supplied Fannie Mae with the rent roll and Property Management Agreement.

(*See* Opp. to Mot. To Appoint a Receiver, ECF No. 13, PageID # 419; Gold Decl. ECF No. 13-2, PageID # 433-34, ¶¶ 4-6, and 8.)

Hatz has not stopped there. Since the filing of its Opposition:

---

[4] Fannie Mae concedes in its latest filing that Hatz, and particularly Mr. Steiner, have "limited liability" under the Loan Agreement. (Supplemental Brief in Support of Motion to Appoint Receiver, ECF No. 23-1 ("Supplement") at PageID # 684.) The significance of Hatz's ongoing investment and efforts to remediate the Properties at issue are a testament to their commitment to satisfy Fannie Mae and to resolve issues with the Properties. As noted, appointment of a receiver would only add a layer of additional cost and likely delay further repairs and renovations.

- Hatz caused New York Community Bankcorp, Inc. to disclaim its interest in the Properties. (*See* Disclaimer of Interest, ECF No. 18.)

- Hatz caused the mechanic's lien on the Properties to be released (*See* Hatz's Answer to Complaint, ECF No. 22-1, Exhibit A – BG Personnel Release.)

- Hatz caused the State tax lien on the Properties to be released. (*See id.*, ECF No. 22-2; Exhibit B – Ohio Department of Tax Release and Satisfaction.)

- Heating issues relating to boilers or radiators in the Properties have been addressed or are in the process of being addressed (*See* Exhibit B, Gold Declaration at ¶ 4.)

- Elevators in the Properties have been repaired or are in the process of being repaired. (*See id.*)

- Issues with exterior stairways and leaky roofs are in the process of being addressed, though no tenant complaints have been received regarding those issues at this time. (*See id.*)

- Multiple previously vacant properties have been repaired and are no longer vacant. (*See id.*, Exhibit 6).

- Garage Doors have been repaired. (*See id.*, Exhibit 7)

- Mailboxes at the Properties have been repaired. (*See id.*, Exhibit 8).

Indeed, these repairs and improvements to the Properties have not gone unnoticed by those in the local community, even if Fannie Mae refuses to recognize them.[5] **Chris Dieker, the**

---

[5] Fannie Mae relies heavily on the PCA attached to its Supplemental Brief; however, Armada Analytics failed to fully inspect all of the units, instead choosing to end its inspection earlier than originally intended despite the availability of Hatz representative Leo Gold to continue inspections on November 8, 2024. (*See* Exhibit 2, Gold Declaration at ¶ 2). Scheduling issues on the part of Armada Analytics have delayed the continuation of the inspection thus far. (*See id.* at ¶¶ 2-3, Exhibit 2). Additionally, while, as noted above, the PCA is dated November 5 and November 6, the actual dates of the inspections were November 6 and November 7. *Id.*

**Assistant Director of the Housing Department for the City of Shaker Heights, recently commended Hatz for its improvements to the Properties:**

> Leo,
>
> Hello I just wanted to commend you and Bryan on the work that you are doing to get these units looking in better shape. It looks like your list is pretty much complete other than the ones that came from the "unable to inspect" unit which the updated report which I don't believe has arrived to you yet. Keep up the good work.

(*See id.*, ¶ 5, Exhibit 9). Such evidence further demonstrates that the extraordinary remedy of receivership is unwarranted in this matter.

### III. HATZ AND FANNIE MAE BOTH AGREE THAT AN EVIDENTIARY HEARING IS AN APPROPRIATE NEXT STEP

Despite the different opinions Fannie Mae and Hatz have on the condition of the Properties, there is one thing they **now** do agree on: this Court should hold an evidentiary hearing to allow the parties an opportunity to present evidence and allow the Court to fully consider the issues based on a full and fair record. (*See* Supplement, ECF No. 23-1, PageID # 678.) Hatz has always welcomed this opportunity. At a hearing, Hatz would be able to present evidence detailing not only the work it has done, but the work it plans to do and continues to do, while having the opportunity to call witnesses like Mr. Gold and Mr. Dieker to further demonstrate that a receivership is unnecessary under the circumstances before this Court.

### IV. CONCLUSION

As previously stated, Hatz remains willing to work cooperatively with Plaintiff and resolve outstanding issues with the Properties. Hatz believes that the extraordinary remedy of receivership is inappropriate, respectfully renews its request to schedule an evidentiary hearing so that the Court may fully consider all relevant evidence prior to ruling.

Respectfully submitted,

**UB GREENSFELDER LLP**

*/s/ Amanda J. Martinsek*
Amanda J. Martinsek (0058567)
1660 West 2nd Street
Suite 1100
Cleveland, OH 44113
Telephone: (216) 583-7000
Fax: (216) 583-7001
amartinsek@ubglaw.com

**OFFIT KURMAN, P.A.**

*/s/ Joyce A. Kuhns*
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
(410) 209-6400 (phone)
(410) 209-6435 (facsimile)
jkuhns@offitkurman.com

**ATTORNEYS FOR DEFENDANTS HATZ ONE LLC, HATZ TWO LLC, CLEVELAND 2 LLC, CLEVELAND 3 LLC, AND MENDEL STEINER**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, a true and accurate copy of the foregoing was filed with the Clerk of the Court and served on counsel of record via the CM/ECF system.

                       */s/ Amanda J. Martinsek*
                       Amanda J. Martinsek (0058567)

                       *Attorney for Defendants Hatz One LLC, Hatz Two LLC, Cleveland 2 LLC, Cleveland 3 LLC, and Mendel Steiner*