IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FANNIE MAE, | CASE NO. 1:24-CV-01606-JDG |
| Plaintiff | |
| vs. | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| HATZ ONE LLC, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION & ORDER** |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. (Doc. No. 52.) Before the Court is an Unopposed Motion for Partial Summary Judgment (the "Motion") filed by Plaintiff, Fannie Mae ("Fannie Mae" or "Plaintiff"), seeking judgment on Plaintiff's claim for judgment on a note and foreclosure of a mortgage (Counts One and Four of the Complaint). (Doc. No. 59.) Defendants, Hatz One LLC, Hatz Two LLC, Cleveland 2 LLC, and Cleveland 3 LLC (collectively, "Defendants" or "Borrower") filed a Response of "no opposition" to the relief requested in Plaintiff's Motion. (Doc. No. 63.)

For the following reasons, the Court GRANTS Plaintiff's Uncontested Motion for Partial Summary Judgment on Plaintiff's Claim for Judgment on the Note and Foreclosure of the Mortgage (Counts One and Four). (Doc. No. 59.).

1

## I. FACTUAL BACKGROUND

Defendants are Ohio limited liability companies that maintain a principal place of business at 1044 57th Street, Brooklyn, New York 11219. (*See* Doc. Nos. 1 and 12 at ¶¶ 5, 7, 9, 11, 13.)

On or about October 30, 2020, Defendants entered into a multi-family loan with Greystone Servicing Company LLC ("Original Lender"), subject to the Multifamily Loan and Security Agreement (the "Loan Agreement"), to purchase real property located at 2635 N. Moreland Boulevard, 2621 N. Moreland Boulevard, 2622 N. Moreland Boulevard, 2630 N. Moreland Boulevard, 2636 N. Moreland Boulevard, 2642 N. Moreland Boulevard, 2653 N. Moreland Boulevard, 2805 Ludlow Road, 2822 S. Moreland Boulevard, 2825 S. Moreland Boulevard, 2843 S. Moreland Boulevard, 2851 Hampton Road, 2870 S. Moreland Boulevard, 2880 S. Moreland Boulevard, 14101 S. Woodland Road, Shaker Heights, Ohio 44120 (the "Property"). (*See* Doc. Nos. 1, 12 at ¶ 36.) The Loan Agreement was attached to the Complaint as Exhibit B.

Defendants executed and delivered to Original Lender a Multifamily Note in the original purchase principal amount of $22,645,000.00 (the "Note"). (*See* Doc. Nos. 1 and 12 at ¶ 33.) The Note was attached to the Complaint as Exhibit C.

The Original Lender endorsed the Note to Fannie Mae. (Doc. No. 59-1 at ¶¶ 7-8.)

On or about October 30, 2020, Defendants executed and delivered an Open-End Multifamily Mortgage (the "Mortgage") as security for repayment of the Note. (Doc. Nos. 1, 12 at ¶ 35.)

On or about November 6, 2020, the Mortgage was recorded in Cuyahoga County, Ohio as Instrument No. 202011060167. A copy of the recorded Mortgage was attached to the Complaint as Exhibit D. (Doc. Nos. 1, 12 at ¶ 35.)

Defendants defaulted on the Note by failing to pay the Monthly Debt Service Payment on June 1, 2024 and July 1, 2024. (Doc. No. 59-1 at ¶ 13.) Failure to timely pay the Monthly Debt Service Payments is an automatic "Event of Default" under the Loan Agreement. (Doc. No. 1-2 at § 14.01(a)(1).) On or about June 11, 2024, Defendants failed to provide complete and accurate information regarding the Property and financial records, which was an Event of Default. (Doc. No. 1-2 at §§ 8.02, 14.01(a)(5)(B); Doc. No. 59-1 at ¶ 14.)

Upon any Event of Default, Fannie Mae may declare the entire unpaid balance of the Mortgage Loan, any Accrued Interest, interest accruing at the Default Rate, the Prepayment Premium, and all other Indebtedness, immediately due and payable at the option of Fannie Mae. (Doc. No. 1-2 at § 14.02(a).

On July 23, 2024, Fannie Mae delivered a Default and Acceleration Letter (the "Notice of Default") to Defendants, which provided notice of payment default and demanded payment in full of all amounts due, owing, and payable under the Loan Documents. (Doc. No. 1-8; Doc. No. 59-1 at ¶ 15.)

As of November 10, 2025, Defendants have not cured the Events of Default, nor have they paid the accelerated balance due under the Note. (Doc. No. 59-1 at ¶ 16.)

As of October 17, 2025, the outstanding balance due and owing under the Note was $26,642,944.86, which amount includes $22,645,000.00 in unpaid principal, plus contract interest in the amount of $1,076,895.62, plus default interest in the amount of $1,268,119.98, plus other fees and costs, attorneys' fees, and property protection advances, and receivership advances. (Doc. No. 59-2 at ¶ 9.) Additional interest, fees, costs, attorneys' fees, property protection advances, and receivership advances have continued and will continue to accrue. (*Id*.)

## II. STANDARD OF REVIEW

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Lansing Dairy*, 39 F.3d at 1347. This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.

*Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52, 106 S.Ct. 2505).

### III.  LAW AND ANALYSIS

Because this matter is a diversity action, the Court must apply Ohio law in determining whether summary judgment is appropriate. *Nationstar Mortg. LLC v. Cruse*, No. 2:14-CV-383, 2015 WL 5174640, at *3 (S.D. Ohio Sept. 4, 2015).

**A.  Count One: In Rem Default Under the Note**

Fannie Mae argues there is no genuine issue of material fact that Defendants defaulted their obligations under the Note and Mortgage. (Doc. No. 59 at p. 6.) Default is the absence of payment according to the terms of the instrument. *Wells Fargo Bank, N.A. v. Stovall*, 2010-Ohio-236, ¶ 26. "An affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments." *Bank One, N.A. v. Swartz*, 2004-Ohio-1986, ¶ 14. Here, Defendants admitted the existence and execution of the Note, the Mortgage Loan, the Loan Agreement, and the Mortgage. (*See* Doc. Nos. 1, 12 at ¶¶ 32, 33, 35.) Moreover, Fannie Mae provided an affidavit of James Noakes, establishing the Events of Default and the fact that Defendants have not cured any of the Events of Default. (*See* Doc. No. 59-1.)

In response, Defendants stated "no opposition to the relief requested in Plaintiff's Motion for Partial Summary Judgment as to Counts One and Four of the Complaint . . ." (Doc No. 63.)

There is no genuine issue of material fact that Defendants are in default under the Note.

**B.     Count Four: Foreclosure of Mortgage and Security Agreement**

Fannie Mae argues there is no genuine issue of material fact that foreclosure is appropriate. (Doc. No. 59 at p. 8.) "Upon breach of condition of the mortgage agreement, a mortgagee has concurrent remedies. It may, at its option, sue in equity to foreclose, or sue at law directly on the note; or, bring an action in ejectment." *Treasurer of Cuyahoga Cnty. v. Heirs of Weisner*, 2022-Ohio-2668, ¶ 14, 194 N.E.3d 451, 455, citing *The Broadview S. &. L. Co. v. Crow*, 8th Dist. Cuyahoga Nos. 44690, 44691, and 45002, 1982 Ohio App. LEXIS 12139, 7 (Dec. 30, 1982).

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Nationstar Mortg. LLC v. Cruse*, No. 2:14-CV-383, 2015 WL 5174640, at *3 (S.D. Ohio Sept. 4, 2015), citing *Deutsche Bank Nat'l Trust Co. v. Najar*, 2013-Ohio-1657, ¶ 17 (8th Dist.).

Fannie Mae states that the Mortgage was executed and delivered by Defendants to Original Lender, the Mortgage was recorded in Cuyahoga County, Fannie Mae is the current mortgagee of record, and upon default, Fannie Mae is entitled to have the lien of the Mortgage foreclosed. (Doc. 59 at 8-9.) Fannie Mae asserts Defendants committed multiple Events of Default. (*Id*. at 9.) Due to the multiple Events of Default, Fannie Mae argues the conditions of the Mortgage have been broken and Fannie Mae is entitled to have the lien of the Mortgage foreclosed, the Property sold, and the proceeds applied in payment of the debt. (*Id*.)

In response, Defendants stated "no opposition to the relief requested in Plaintiff's Motion for Partial Summary Judgment as to Counts One and Four of the Complaint . . ." (Doc No. 63.)

There is no genuine issue of material fact that Fannie Mae is the holder of the Note and Mortgage, that Defendants are in default, and foreclosure is an appropriate remedy.

Fannie Mae is entitled to judgement against Defendants in the amount of $26,642,944.86, which amount includes $22,645,000.00 in unpaid principal, plus contract interest in the amount of $1,076,895.62, plus default interest in the amount of $1,268,119.98, plus other fees and costs, attorneys' fees, and property protection advances, and receivership advances. Additionally, Fannie Mae is found to have first lien on the Property. (*See* Doc. No. 62.) The Mortgage, however, is junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments.

The equity of redemption of Defendants is foreclosed. Unless the sums found to be due to Fannie Mae are fully paid within ten (10) days from the date of this entry of judgment, the equity of redemption of Defendants in the property shall be foreclosed and the property shall be sold free of the interests of all parties to this action subject to redemption by Defendants pursuant to R.C. § 2329.33.

Fannie Mae is DIRECTED to General Order No. 2006-16-6 to comply with the Court's procedures for foreclosure sales.

## IV. CONCLUSION

For all the reasons set forth above, the Court GRANTS Plaintiff's Uncontested Motion for Partial Summary Judgment on Plaintiff's Claim for Judgment on the Note and Foreclosure of the Mortgage (Counts One and Four). (Doc. No. 59.)

Date: December 8, 2025

      *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge