IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FANNIE MAE, | ) | CASE NO. 1:24-CV-1606-JDG |
| | ) | |
| *Plaintiff,* | ) | MAGISTRATE JUDGE |
| v. | ) | JOHNATHAN D. GREENBERG |
| | ) | |
| HATZ ONE, LLC, *et al.* | ) | **CITY OF CLEVELAND'S** |
| | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO THE EMERGENCY JOINT** |
| *Defendants.* | ) | **MOTION OF THE RECEIVER AND** |
| | ) | **FANNIE MAE FOR AN ORDER TO** |
| & | ) | **SHOW CAUSE WITH SUPPORTING** |
| | ) | **BRIEF ATTACHED** |
| CITY OF CLEVELAND, OHIO | ) | |
| | ) | |
| *Intervenor.* | ) | |

*NOW COMES* Intervenor, City of Cleveland ("City") by and through counsel undersigned and respectfully submits the following Memorandum in Opposition to the Emergency Joint Motion of the Receiver and Fannie Mae for Order to Show Cause Why the City of Cleveland and its Director of Building and Housing Should Not be Held in Contempt, and For Sanctions ("Emergency Motion") (Doc. #86). Because the City of Cleveland has neither violated a clear and unambiguous court order nor acted in bad faith—and because contempt is unavailable as a matter of law under these circumstances—the Emergency Motion (Doc. #86) should be denied in full and the matter instead be set for mediation pursuant to Local Rule 16.6. The reasons for the City's request are more fully explained in the City's Supporting Brief, attached.

Respectfully Submitted,

*/s/ Zachariah S. Germaniuk*

**DAVID M. DOUGLASS (0015312)**
**ZACHARIAH S. GERMANIUK (0090109)**
**MICHAEL E. REARDON (0062389)**
**SEAN F. BERNEY (0058608)**
**DOUGLASS & ASSOCIATES CO., L.P.A.**
4725 Grayton Road, Cleveland, Ohio 44135
(216) 362-7777 or 216-362-4140
Fax No:  (216) 362-4160
E-Mail: d.douglass@douglasslaw.com
z.germaniuk@douglasslaw.com
m.reardon@douglasslaw.com
s.berney@douglasslaw.com

<u>CERTIFICATE OF SERVICE</u>

I, undersigned, hereby certify that on April 15th, 2026 a true and accurate copy of the foregoing was filed with the Clerk of the United States Northern District and served on all parties and counsel of record for parties using the Court's CM/ECF system.

| | | |
|---|---|---|
| Brendan L. Heil, Esq. | & | Mitchell I. Cohen, Esq. |
| Matthew D. Gurbach, Esq. | | WEYLS, PETERS & CHUPARKOFF, LLC |
| Justin W. Ristau, Esq. | | 6505 Rockside Road, Suite 105 |
| BRICKER GRAYDON WYATT, LLP | | Independence, Ohio 44131 |
| 1100 Superior Avenue, Suite 1600 | | Ph: (216) 503-9560 |
| Cleveland, Ohio 44114 | | Fax: (216) 503-4667 |
| Ph: (216) 523-5405 | | mc@w-pllc.com |
| Fax: (216) 523-7072 | | *Attorneys for Receiver,* |
| Bheil@brickergraydon.com | | *MICHAEL GUGGENHEIM* |
| Mgurbach@brickergraydon.com | | |
| Jristau@bricker.com | | |
| *Attorneys for Plaintiff FANNIE MAE* | | |

Respectfully Submitted,

*/s/ Zachariah S. Germaniuk*
**DAVID M. DOUGLASS (0015312)**
**ZACHARIAH S. GERMANIUK (0090109)**
**DOUGLASS & ASSOCIATES CO., L.P.A.**
*Attorneys for Intervenor, City of Cleveland*

**<u>SUPPORTING BRIEF</u>**

I. INTRODUCTION

Plaintiff and Receiver (together, "Movants"), in their jointly filed Emergency Motion, seek the extraordinary remedy of contempt sanctions against the City (Movants and City together, the "Parties") for exercising the City's core police powers to protect public health and safety. The Emergency Motion misconstrues both the Order Appointing Receiver ("Appointing Order") (Doc. #31) and the Order Appointing the Special Master (Doc. #83), disregards established limitations on contempt jurisdiction under Federal Rule of Civil Procedure 65, and conflicts with well-settled precedent holding that federal receiverships do not impliedly strip municipalities of their fundamental police powers of inspection and fact gathering absent a clear and express injunction.

II. IMMEDIATE FACTUAL BACKGROUND

On April 6th, 2026 this Court's appointed Special Master issued his Report and Recommendations ("Report") (Doc. #84) which forms the basis of not only the present Emergency Motion (Doc. #86), filed April 14th, 2026, but also the City's Motion Leave to Amend and Amended Third-Party Complaint (Docs. #87 & #87.1 ) filed the same day. In making his Report, the Special Master concluded that while the City possessed a legitimate governmental interest sufficient to warrant limited intervention, the City's legitimate code enforcement and public safety interests were to be exercised within the structure of existing federal law, the prior Orders of the Court, which include both the Appointing Order (Doc. #31) and Order of Sale of the properties subject to receivership ("Properties") (Doc. #66).

In response, the City worked expeditiously to cure the defects noted by the Report as demonstrated by the Motion For Leave to File Amended Third Party Complaint (Doc. # 87) and

Amended Third Party Complaint (Doc. #87.1). The City simultaneously sought to convene an administrative hearing to take testimony and evidence from City inspectors, the Receiver, and the Plaintiff, and members of the public particularly impacted by the on-going conditions at the Properties so that the City could take appropriate actions after the sale of the Properties was concluded, or seek Leave of Court if the evidence necessitated swifter action. This basic act of municipal government - squarely within the narrowed exercise of municipal police power under the Special Master's Report (Doc #84), has drawn the present Emergency Motion to which the City now files its Memorandum in Opposition.

III. LAW AND ARGUMENT

*A. The Legal Standard of Civil Contempt Requires a Clear, Specific, and Unequivocal Order*

This Court should dismiss the pending Emergency Motion because the factors required to hold the City in civil contempt under federal law are plainly not present. Under controlling Sixth Circuit precedent, civil contempt is an *extraordinary remedy* and may be imposed only where the movant establishes, by *clear and convincing evidence,* that a definite, and unambiguous court order existed; that the alleged contemnor actually violated the order; and that the contemnor failed to take all reasonable steps within its power to comply with the order. *See* Gascho v. Global Fitness Holdings, LLC, 875 F.3d 795, 801 (6th Cir. 2017); *see also* Glover v. Johnson, 138 F.3d 229, 244 (6th Cir. 1998); Each element is strictly construed, and the failure to establish any one is fatal to a contempt motion. [*emph. added*].

Regarding the first factor, The Sixth Circuit has repeatedly emphasized that contempt cannot rest on implication, inference, or expansive interpretation of a court's orders. *See, e.g.* Grace v. Ctr. for Auto Safety, 72 F.3d 1236, 1241 (6th Cir. 1996) (holding that a party may not be held in contempt unless the violated order is clear and unambiguous). Accordingly, "[a] court

5

must set forth in specific detail an unequivocal command" before contempt may issue. United States v. Conces, 507 F.3d 1028, 1043 (6th Cir. 2007). Ambiguities must be resolved in favor of persons charged with contempt resolved *against* contempt, not in favor of it. Id. at 1042 *quoting* Grace v. Ctr. for Auto Safety, 72 F.3d 1236, 1241 (6th Cir. 1996); *see also* King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (6th Cir. 1995). Here, nothing in this Court's Order Appointing a Receiver ("Appointment Order") (Doc.# 31), or the Order Appointing a Special Master (Doc. #83) expressly prohibits the City from scheduling an administrative hearing or seeking Leave of Court to assert its fundamental police powers within its jurisdiction. The absence of any express prohibition is therefore dispositive under existing precedent.

Regarding the second factor, civil contempt can only lie where the challenged conduct falls squarely within the scope of what the order forbids and is an inappropriate finding where the action complained of is not specifically prohibited by the court's order. Elec. Workers Pension Tr. Fund v. Gary's Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir. 2003). Acts that may affect a party's interests, but do not violate the *textual commands* of an order, do not constitute contempt. Gascho at 801. [emph. added]. The Sixth Circuit rejects arguments based on the "spirit," "purpose," or perceived market effects of an injunction where the order itself does not forbid the conduct at issue. Gary's Electric at 379. Here, the City has scheduled a fact-finding administrative hearing which neither commences or prosecutes any suit against the Plaintiff or Receiver; nor transfers possession of the Properties, nor interferes with the Receiver's physical control, or management of the Properties. Likewise, the City's seeking Leave of Court to Amend its Third-Party Complaint (Doc. #87 & #87.1) within the confines of the Special Master's Report (Doc. #84) are in fact the opposite of conduct which any reasonable mind would conclude as falling within conduct prohibited by the Orders of this Court. As such, and because the conduct

alleged is not specifically barred, contempt is plainly unavailable to the Movants as a matter of law.

Regarding the final element, and even if this Court should find its Orders unambiguous, contempt does not lie if there is a fair ground of doubt as to whether the alleged contemnor's conduct was prohibited. Peppers v. Barry, 873 F.2d 967, 968 (6th Cir. 1989). Where an order is susceptible to more than one reasonable interpretation, the alleged contemnor's good-faith interpretation and compliance efforts defeat contempt. Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996); Conces, 507 F.3d at 1043–44. Moreover, the Sixth Circuit recognizes that a party cannot be held in contempt where compliance would require surrendering independent legal authority, absent an express directive from the court. See Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 802 (6th Cir. 1986). Conducting a fact-finding hearing to determine whether future action is necessary is plainly not interference. *See, e.g.,* FHFA v. City of Chicago 962 F. Supp. 2d 1044, 1058–59 (N.D. Ill. 2013) (allowing municipal inspections and notices but barring fines and liens from attaching to property). At minimum, the City's interpretation that municipal safety proceedings are not barred absent explicit language is objectively reasonable and forecloses any finding of contempt.

*B. The Receivership Order Does Not Prohibit Non-Coercive Municipal Code Enforcement*

The Emergency Motion should be denied at the threshold level because no provision of the Receivership Order clearly prohibits the conduct at issue. Federal Courts have consistently held that a receivership does not immunize property from the exercise of the state's police power absent explicit language to that effect." *See* SEC v. First Fin. Group of Tex., Inc., 645 F.2d 429, 439 (5th Cir. 1981); *see also* FHFA v. City of Chicago 962 F. Supp. 2d 1044, 1058–59 (N.D. Ill. 2013) (HERA does not preclude the City from enforcing its building and safety codes through

7

inspections and notices).

In relevant part, the Appointing Order explicitly enjoins the actions of "bodies politic" (including the City) from "doing any act or thing to interfere with the Receiver taking *control, possession or management* of the property subject to receivership, or to any way interfere with the Receiver *or its duties*, or to interfere with the exclusive jurisdiction of this Court over the Properties." (Doc 31-14) [*emph. added*]. This language is balanced by the fact that, in the same Appointing Order, one of the duties of the Receiver is to "use commercially reasonable means to maintain the Properties in compliance with all local building, housing, air pollution, sanitation, health, fire, zoning, or safety codes, ordinances, resolutions, and regulations." (Doc. 31-3). Where one of the duties of the Receiver is to maintain the properties in compliance with law, nothing in the explicit language of the Appointing Order expressly forbids the City from conducting an administrative hearing to take testimony and evidence from City inspectors, the Receiver, the Plaintiff, and members of the public particularly impacted by the on-going conditions at the Properties or to take public comment on the Properties' conditions, issuing notices, or creating a regulatory record concerning unsafe structures, particularly where no coercive enforcement action has actively been taken. The Emergency Motion attempts to collapse contemplation of possible future enforcement, after the transfer of the Properties' title, into present-day contempt.

That is not the law, and attempting to hold the City in contempt by inference or implication falls squarely outside the bounds established by <u>Grace</u> and related cases. It cannot be seriously argued that the City's scheduling of a Director's hearing—before any condemnation or demolition order, before any additional enforcement directive, and expressly acknowledging the pendency of federal proceedings—constitutes "establishing or enforcing" a claim. At most, it

constitutes information-gathering and due process which does not interfere with the Receiver's control, possession, or management of the Properties. Contempt cannot rest on what a party might do in the future. Nor may it be based on speculation, motive, timing, or perceived market effects. Because the Receivership Order contains no unequivocal command barring a municipal hearing or routine inspection process, contempt is unavailable to the Plaintiff and Receiver as a matter of law.

*C. Federal Law does not Render the Plaintiff and Receiver Immune from the Exercise of Municipal Police Power.*

This Court should correctly recognize the Plaintiff and Receiver's present attempt to silently nullify fundamental police powers of local government and deny their Emergency Motion to hold the City in Contempt. As shown by the City's Motion for Leave to Amend (Doc. #87 & #87.1) and reiterated here, the City recognizes and respects the limits imposed upon municipal power by federal law, including through the Housing and Economic Recovery Act of 2008 ("HERA"). In so doing, the City also notes that Congress does not ordinarily intend to displace state or local power absent clear manifestation. City of Columbus v. Ours Garage & Wrecker Serv., Inc., 536 U.S. 424, 438 (2002). Other Courts construing 12 U.S.C. § 4617(j) in this context have drawn a consistent distinction between actions that encumber or coerce FHFA-protected property interests versus background regulatory oversight that does not impede the control, possession, or management thereof. *See* FHFA v. City of Jersey City No. 11-3269, 2012 WL 3283400, at 6–8 *(D.N.J. Aug. 9, 2012);* FHFA v. County of Sonoma No. 14-cv-00887, 2015 WL 12731924, at 5–6 *(N.D. Cal. Sept. 25, 2015);* City of Los Angeles v. FHFA No. 16-cv-2954, 2017 WL 1397292, at 7–9 *(C.D. Cal. Apr. 17, 2017)*; FHFA v. City of New Orleans No. 12-cv-2040, 2013 WL 5914685, at 4–6 *(E.D. La. Nov. 1, 2013);* FHFA v. City of Vacaville, No. 13-cv-2391, 2014 WL 12603501, at 3–5 *(E.D. Cal. Dec. 18, 2014).*

While HERA broadly preempts involuntary liens, foreclosures, or punitive enforcement mechanisms against FHFA-controlled assets, it does not prohibit municipal inspections, issuance of notices, identification of violations, or maintenance of regulatory records. *See, e.g.,* <u>FHFA v. City of Chicago,</u> 962 F. Supp. 2d 1044, 1058–59 (N.D. Ill. 2013). Even FHFA-favorable Ninth Circuit precedent recognizes this distinction by barring coercive remedies while permitting inspection-level regulation. *See generally* <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 931–33 (9th Cir. 2017); <u>M&T Bank v. SFR Investments Pool 1, LLC</u> 963 F.3d 854, 861–62 (9th Cir. 2020). The City's Amended claims and scheduled administrative hearing do not seek to burden title, delay the sale of the Properties, or otherwise restrain the Receiver's operation and management. The City seeks only to document and communicate conditions affecting life, health, and safety — exactly the type of non-intrusive governmental function traditionally preserved at the State and Local level under principles of federalism. Construing HERA, the Appointing Order (Doc. #31), or Order Appointing a Special Master (Doc. #83) to silently extinguish that authority would raise serious constitutional and structural concerns and would contradict the Special Master's Report (Doc. #84) and its explicit recommendation that code enforcement continue, even in limited form. <u>Doc. 84-14</u>.

*D. Contempt Cannot Be Based on an Alleged or Inferred Improper Motive, and Sanctions are Inappropriate*

The Court should flatly reject the Emergency Motion's attempt to base a finding of contempt on inferences which address the purpose, effect, or commercial consequences of action, absent a showing of objective non-compliance with a clear, unambiguous Court Order. The legal standard at issue is whether the alleged contemnor has met the elements required for a finding of contempt to be justified. Plaintiff's reliance on allegations of "market interference" is legally irrelevant. The City's actions in no way interfere with the "control, possession, or management of

10

the property subject to receivership" <u>Doc 31-14</u>. Emergency relief and sanctions are reserved for irreparable violations of judicial authority. *See generally* <u>Spallone v. United States</u>, 493 U.S. 265, 276 (1990).

Here, the City is conducting lawful activity within the lane established by federal law and this Court's prior orders and supported by the Special Master's Report (Doc. #84). The scheduled public hearing is a limited and legally permissible avenue to take proactive steps the City deems prudent to address the impending transfer of Plaintiff's interest to a non-party to the present case. No condemnation or demolition of any properties have occurred; the City has not sought to compel the correction of the 346 outstanding violations at the Properties by instituting a criminal proceeding; the City's prior State Action was dismissed nearly sixty days *before* the Special Master's Report was issued and dismissed voluntarily in order to facilitate further dialogue with the Plaintiff and Receiver. The City has undertaken no action to warrant the imposition of Sanctions by this Court. Where the City's prior actions were partially disfavored by the Special Master's Report, the City has sought to expeditiously correct them.

V. CONCLUSION

Based upon all the foregoing and because the City of Cleveland has not violated a clear court order, has acted within its lawful police powers, and has proceeded in good faith, Plaintiff's Emergency Motion should be DENIED in its entirety and the matter instead be set for mediation pursuant to Local Rule 16.6.

Respectfully Submitted,

/s/ Zachariah S. Germaniuk

**DAVID M. DOUGLASS (0015312)**
**ZACHARIAH S. GERMANIUK (0090109)**
**MICHAEL E. REARDON (0062389)**
**SEAN F. BERNEY (0058608)**
**DOUGLASS & ASSOCIATES CO., L.P.A.**
4725 Grayton Road, Cleveland, Ohio 44135
(216) 362-7777 or 216-362-4140
Fax No: (216) 362-4160
E-Mail: d.douglass@douglasslaw.com
z.germaniuk@douglasslaw.com
m.reardon@douglasslaw.com
s.berney@douglasslaw.com
*Attorneys for Intervenor, City of Cleveland*